**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
* * * * * * *
MAMIE BARR,                          *
                                     *
         Plaintiff.                  *
                                     *     Case No. 1:16-cv-2251
    vs.                              *
                                     *
MIDLAND FUNDING, LLC;                *     JURY TRIAL DEMANDED
LVNV FUNDING, LLC; and               *
RESURGENT CAPITAL SERVICES,          *
                                     *
         Defendants.                 *
* * * * * * * * * * * * *
```

**COMPLAINT**

1.   This is an action brought by Plaintiff against Defendants Midland Funding, LLC ("Midland"), LVNV Funding, LLC ("LVNV"), and Resurgent Capital Services ("Resurgent") for redress for violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, as set forth herein, and violations of the D.C. Debt Collection Law ("DCDCL"), DC Code § 28-3814 for efforts to collect more than $30,000 in time-barred debt under the guise of the bankruptcy process.

2.   Midland's and LVNV's business models operate based on the purchase of deeply discounted consumer debt, much of which is outside the statute of limitations.

3.   Nonetheless, they seek out debtors in bankruptcy so that they can attempt to evade the statute of limitations by filing proofs of claim, succeeding in their business model by evading detection and objection on claims that are knowingly objectionable and unenforceable.

**JURISDICTION AND VENUE**

4.   This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the complaint contains claims that arise under the laws of the United States.

5. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## PARTIES

6. Plaintiff, Mamie Barr ("Plaintiff") in this case is a debtor under Chapter 13 of Title 11 of the United States Code in case number 15-00454, a case presently pending before the Bankruptcy Court of this District.

7. Defendant Midland " is one of the nation's largest buyers of unpaid debt," headquartered in San Diego, California and registered to do business in the District of Columbia.

*8.* Per Midland's website, the principal purpose of Midland's business is the collection of debts, and it uses interstate commerce in its national operation. It is, accordingly, a debt collector within the meaning of 15 U.S.C. § 1692(a), as well as under DC Code § 28-3814(b)(3). Midland Funding, Frequntly Asked Question, *at* https://www.midlandfunding.com/faqs/.

9. Defendant LVNV is a debt buyer headquartered in Greenville, South Carolina that does business in the District of Columbia.

10. The principal purpose of LVNV's business is the collection of defaulted consumer debts, and it uses interstate commerce in its national operation. It is, accordingly, a debt collector within the meaning of 15 U.S.C. § 1692(a), as well as under DC Code § 28-3814(b)(3).

11. Defendant Resurgent is a debt collector operating in conjunction with LVNV, headquartered in Greenville, South Carolina and doing business in the District of Columbia. Resurgent Capital Services, About Us, *at* http://www.resurgent.com/about; LVNV Funding, Company Overview, *at* http://lvnvfunding.com/.

12. The principal purpose of Resurgent's business is debt collection, and it regularly attempts to collect debts asserted to be due to another. It uses interstate commerce in its national operation. It is, accordingly, a debt collector within the meaning of 15 U.S.C. § 1692(a), as well as under DC Code § 28-3814(b)(3).

## FACTUAL ALLEGATIONS

13. Plaintiff commenced a Chapter 13 proceeding by filing a petition with the Clerk of this Court on August 31, 2015(Case No. 15-00454).

14. Plaintiff filed a Chapter 13 Plan on October 29, 2015, which provided for 100% repayment of secured claims. *See* Chapter 13 Plan, attached hereto as Exh. A.

15. Just one week prior to the confirmation hearing on her Chapter 13 Plan, on November 13, 2015, Midland filed three proofs of claim in Plaintiff's bankruptcy case, for a total of $11,633.40.

16. The first claim listed Washington Mutual Bank as the original creditor and claimed $3,658.56 in principal and interest. *See* Proof of Claim No. 4, attached hereto as Exh. B.

17. The date of the last transaction on that account was December 5, 2008, and the charge-off date was May 31, 2009. *Id.*

18. The proof of claim did not indicate which state's statute of limitations Midland contends applies, but the proof of claim is well beyond the three-year statute for debt in the District of Columbia. *Id.*; D.C. Code § 12-301(7).

19. The second claim from Midland listed HSBC Bank as the original creditor and claimed $3662.56 in principal and interest. *See* Proof of Claim No. 5, attached hereto as Exh. C.

20. The date of the last transaction on that account was June 4, 2009, and the charge-off date was January 30, 2010. *Id.*

21. The proof of claim did not indicate which state's statute of limitations Midland contends applies, but the proof of claim is well beyond the three-year statute for debt in the District of Columbia. *Id.*; D.C. Code § 12-301(7).

22. The third claim from Midland listed also HSBC Bank as the original creditor and claimed $4,312.28 in principal and interest. *See* Proof of Claim No. 6, attached hereto as Exh. D.

23. The date of the last transaction on that account was July 9, 2010, and the charge-off date was December 31, 2010. *Id.*

24. The proof of claim did not indicate which state's statute of limitations Midland contends applies, but the proof of claim is well beyond the three-year statute for debt in the District of Columbia. *Id.*; D.C. Code § 12-301(7).

25. Plaintiff objected to Midland's claims on November 16, 2015.

26. The Bankruptcy Court confirmed Plaintiff's Chapter 13 Plan on November 20, 2015. *See* Confirmation Order*,* attached hereto as Exh. E.

27. After confirmation, on December 15, 2015, Resurgent filed a proof of claim on behalf of LVNV for a total of $20,313.72. *See* Proof of Claim No. 8, attached hereto as Exh. F.

28. The claim listed Citibank N.A. as the original creditor, had a date of last transaction of August 7, 2009, and a charge off date of February 25, 2010. *Id.*

29. The proof of claim did not indicate which state's statute of limitations Resurgent or LVNV contends applies, but the proof of claim is well beyond the three-year statute for debt in the District of Columbia. *Id.*; D.C. Code § 12-301(7).

30. Plaintiff objected to LVNV's proof of claim on December 18, 2015.

31. The Bankruptcy Court granted Plaintiff's objections to Midland's proofs of claim on December 28, 2015, and to LVNV's proof of claim on February 12, 2016.

32. On February 18, 2016, the Bankruptcy Court modified Plaintiff's Chapter 13 Plan to provide for 100% payment to remaining unsecured creditors. *See* Modification Order, attached hereto as Exh. G.

33. Absent objection from Plaintiff's counsel to Midland and LVNV's claims, Plaintiff would not have been able to enter into a 100% plan for unsecured creditors and may not have been able to achieve a successful 100% plan as to secure creditors.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ("FDCPA") (All Defendants)**

34. Plaintiff repeats and realleges the preceding paragraphs as though more fully set forth herein.

35. Plaintiff is a "consumer" pursuant to the definition under 15 U.S.C. § 1692a(3).

36. Defendants regularly and in the ordinary course of business collect debts by filing proofs of claim on debt that they purchased from others, and the primary purpose of their businesses is the collection of debts. They are, therefore, "debt collectors" pursuant to 15 U.S.C. § 1692a(6).

37. Defendants claims that Plaintiff owe a "debts" that Defendants have attempted and are attempting to collect by directly or indirectly filing the Claim.

38. Because the debt was beyond the statute of limitations in the District of Columbia, the debt was unenforceable by legal process, rendering Defendant's attempt to collect through the proof of claim unfair and deceptive in violation of 15 U.S.C. § 1692(e) and 15 U.S.C. § 1692(f).

39. Defendant did not include all information necessary to determine the enforceability of the debt on the face of the proof of claim, to wit, the law governing the underlying contract.

40. The acts and omissions by Defendant constitute violations of the FDCPA including, but not limited to, collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and deceptive methods in direction violation of 15 U.S.C. § 1692(e) and 15 U.S.C. § 1692(f).

41. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages in the amount of $1,000.00, costs of the action and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. § 1692k.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE D.C. DEBT COLLECTION LAW

42. The allegations in the preceding paragraphs of this complaint are realleged and incorporated herein by this reference.

43. Defendants are "debt collectors" within the meaning of D.C. Code § 28-3814(b)(3) because they directly or indirectly engage in conduct to collect alleged obligations from consumer transactions.

44. Defendants proofs of claim were deceptive as to the enforceability of the underlying debts, in violation of D.C. Code. § 28-3814(f)(5).

45. As a result of the above violations of the D.C. Code, Defendants are liable to the Plaintiff for actual damages, statutory damages and attorney's fees, pursuant to D.C. Code § 28-3813.

**WHEREFORE,** the Plaintiff having set forth her claim for relief against the Defendants respectfully prays of the Court as follows:

A. That the Court award actual damages, statutory damages in the amount of $1,000.00, costs and reasonable attorney's fees along with the costs of this action as determined by the Court pursuant to 15 U.S.C. § 1692k;

B. That the Court award actual damages, statutory damages, costs and reasonable attorney's fees as determined by the Court pursuant to the D.C. Code § 28-3813;

C. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated:  Washington, D.C.  
       November 11, 2016

Respectfully submitted on behalf of Plaintiff,

*/s/ Courtney L. Weiner*  
Courtney L. Weiner (#992797)  
Law Office of Courtney Weiner PLLC  
1629 K St., NW, Suite 300  
Washington, DC 20006  
PH: 202-827-9980  
cw@courtneyweinerlaw.com

*/s/ Tommy Andrews, Jr.*  
Tommy Andrews, Jr. (#453695)  
Tommy Andrews, Jr., P.C.  
122 N. Alfred Street  
Alexandria, VA 22314  
PH: 703-838-9004  
tandrews@andrewslaw.net

*Attorneys for Plaintiff*